IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEFFREY HOLCOMB,

    Plaintiff,

v.                                     Civil Action No. 5:13CV144
                                                 (STAMP)
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The plaintiff, Jeffrey A. Holcomb, filed an application under Title XVI and II of the Social Security Act for social security income ("SSI") and disability insurance benefits ("DIB") on January 4, 2011. In his application, the plaintiff alleges disability beginning December 22, 2010, alleging the severe impairments of hypertension, osteoarthritis, right elbow status post surgery, osteoarthritis in the knee, low back pain, bipolar disorder, anxiety, and personality disorder.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on May 4, 2012, before an administrative law judge ("ALJ"). At this hearing, the plaintiff testified on his own behalf, as did a vocational expert ("VE"). On May 25, 2012, the ALJ entered a decision finding that the plaintiff was not disabled because the plaintiff's impairments

do not meet the criteria of any listing and the plaintiff has the residual functional capacity ("RFC") to perform light work with certain restrictions.  The Appeals Council denied plaintiff's request for a review, rendering the ALJ's decision final.

The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Both the plaintiff and the defendant filed motions for summary judgment.  On May 5, 2014, the magistrate judge issued a report and recommendation recommending that the defendant's motion for summary judgment be denied, the plaintiff's motion for summary judgment be granted, and the case be remanded to the Commissioner for further consideration of a report from Rod McCullough, MA ("McCullough"), concerning McCullough's consultative evaluation of the plaintiff.  Upon submitting his report and recommendation, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report.  Neither party filed objections.

### III.  Applicable Law

As there were no objections filed to the magistrate judge's recommendation, his findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C.

§ 636(b)(1)(A). Additionally, because no party filed objections to the report and recommendation, thus, the plaintiff waived his right to appeal from a judgment of this Court based thereon. Thomas v. Arn, 474 U.S. 140, 148-53 (1985).

## IV. Discussion

In his motion for summary judgment, the plaintiff first argues that the ALJ failed to address the plaintiff's pain disorder impairment, which requires this Court to remand this action to the Social Security Commissioner ("Commissioner") so that the Commissioner can consider the pain disorder in conjunction with the plaintiff's other impairments. Second, the plaintiff argues that the ALJ erred in discounting the nurse practitioner's opinion because of the ALJ's classification of the nurse practitioner as a non-acceptable medical source. In the Commissioner's motion for summary judgment, he argues that substantial evidence supports the ALJ's residual functional capacity assessment.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by

substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

A. Pain Disorder

Magistrate Judge Kaull issued a report and recommendation, in which he first found that the plaintiff had failed to meet his burden of demonstrating that his alleged pain disorder was an impairment that the ALJ needed to include in his discussion at Steps Two and Four of the sequential evaluation. As to the plaintiff's alleged pain disorder, however, the magistrate judge also found that the Appeals Council erred by failing to remand the plaintiff's case for consideration of McCullough's report. McCullough had done a consultative examination of the plaintiff on August 15, 2012, two months after the ALJ issued his opinion. After the examination, McCullough prepared a report concerning the plaintiff's alleged pain disorder, which is the report that the Appeals Council failed to consider when reviewing the ALJ's findings.

As stated by the magistrate judge in his report and recommendation, the Appeals Council must consider additional evidence that was not submitted to the ALJ if such evidence is: (1) new, (2) material, and (3) relates to the period on or before the date of the ALJ's decision. Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991). The magistrate

4

judge found that McCullough's report was new because it contradicted previous findings and was neither duplicative nor cumulative and he found that it was material because it created a conflict and called the ALJ's decision into question. Further, the magistrate judge found that the report did in fact relate to the period before the ALJ's opinion. Therefore, the magistrate judge recommended that the plaintiff's case be remanded at this time for the Commissioner to weigh and resolve the evidence reflected to McCullough's report.

B.  <u>Nurse Practitioner</u>

As to the plaintiff's arguments concerning the ALJ's treatment of the nurse practitioner's opinion, the magistrate judge found that ALJ was correct in classifying the nurse practitioner as a non-acceptable medical source. As the magistrate judge stated, nurse practitioners are not considered acceptable medical sources under 20 C.F.R. § 404.1513(d)(1). Therefore, the magistrate judge found that the ALJ did not err in discounting the nurse practitioner's opinion because of this.

The magistrate judge, however, also noted that the ALJ assigned less weight to the nurse practitioner's opinion for the additional reason that the opinion was not consistent with the record evidence. The ALJ's record evidence at the time of his decision did not include McCullough's report. Therefore, because the magistrate judge previously determined that the ALJ must

5

consider McCullough's report concerning the plaintiff's alleged pain disorder, the magistrate judge found that the ALJ's finding that the nurse practitioner's opinion was inconsistent with the record as a whole was not supported by substantial evidence.

This Court has reviewed the record, as well as the parties' motions for summary judgment, and for the reasons set forth in the report and recommendation, concurs with the magistrate judge's findings. Therefore, the magistrate judge's report and recommendation is affirmed and adopted. Accordingly, this Court must remand this action to the Commissioner for consideration of McCullough's report in conjunction with his previous findings.

## V. Conclusion

Because the parties have not objected to the report and recommendation, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, the defendant's motion for summary judgment is DENIED; the plaintiff's motion for summary judgment is GRANTED; and this civil action is REMANDED to the Commissioner for further action in accordance with the above findings. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to

the report and recommendation in this action will result in a waiver of appellate rights.  Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court.  See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    August 4, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE